OPINION
{¶ 1} Appellant Frank Zink and appellee Barbara Zink were married on June 27, 1981. The parties have one child, Sarah, born November 8, 1983. The parties' marriage was dissolved on September 9, 1986, by a decree of dissolution which incorporated a separation agreement between the parties.
 {¶ 2} Section four of the separation agreement provides that in the event the minor child pursued a secondary education on the school year following her graduation from high school, appellant shall pay $200 per month, for child support, for an additional four years, or until such time as the child completes her secondary education or terminates her education, whichever occurs first. Additionally, the parties granted the trial court jurisdiction over the agreement and the parties thereto to modify any terms of the agreement, including provisions for alimony as may be in the best interest of the parties, and to do equity between or among the parties, just as if the agreement was originally decreed by the court as its judgment entry.
 {¶ 3} Sarah graduated from Perry High School in 2001. With scholarships and grants to finance her secondary education, Sarah enrolled at the University of Toledo, in August, 2001. She turned eighteen on September 8, 2001. On October 2, 2001, appellant filed a motion to vacate the separation agreement pursuant to Civ.R. 60(B)(4) and (5), and a motion to modify. Appellant sought to vacate the portion of the separation agreement requiring him to continue to pay child support. On December 3, 2001, appellee filed a motion to show cause, asking that appellant be held in contempt for failing to abide by the terms of the separation agreement regarding payment of child support. The court overruled the Civ.R. 60(B) motion and found appellant in contempt of court.
 {¶ 4} On appeal to this court, this court reversed the contempt finding, and also found that the court should have held an evidentiary hearing concerning modification of support.
 {¶ 5} On remand, the court held an evidentiary hearing before a magistrate in the Stark County Common Pleas Court, Family Court Division. The magistrate found that neither party offered into evidence a child support computation worksheet, and because the parties failed to demonstrate a change of circumstances pursuant to R.C. 3119.79, to allow the court to modify child support, Sarah's financial resources and earning ability were irrelevant, and could not be considered. The magistrate therefore recommended that the motion to modify and vacate child support be overruled.
 {¶ 6} Following objections to the magistrate's report, the court sustained the objections in part. The court found that because Sarah was emancipated on her eighteenth birthday, any duty of support was pursuant to contract, and not controlled by Revised Code Chapter 3119. The court modified that portion of the magistrate's decision concerning R.C. 3119.79, but approved and adopted the remainder of the magistrate's report.
 {¶ 7} Appellant assigns a single error on appeal:
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION BY ADOPTING THAT PORTION OF THE MAGISTRATE'S DECISION WHICH WAS PREDICATED EXCLUSIVELY ON A STATUTE THAT THE SAME TRIAL COURT CORRECTLY RULED INAPPLICABLE."
 {¶ 9} Appellant argues that because the magistrate's decision was predicated on the failure to comply with R.C. Chapter 3119, and the court found this chapter inapplicable to the instant case, the court erred in adopting the magistrate's decision and overruling the motion to vacate and/or modify child support. Appellant argues that his duty to continue to pay child support is inequitable, as Sarah's scholarship and other awards provide her with more money than necessary for college, and this child support is therefore being used solely to support appellee.
 {¶ 10} While the court concluded the magistrate improperly found the instant matter controlled by R.C. Chapter 3119, it does not thereby follow that the court considered the information provided concerning the child's earning ability and scholarships to be irrelevant. The court states that it has made an independent analysis of the facts and applicable law, and evidence concerning Sarah's financial situation was part of the record before the court.
 {¶ 11} There is sufficient evidence in the record to support the court's decision, separate and apart from the failure to comply with R.C. 3119, which was inapplicable. Appellee testified that she helps Sarah with money for clothes, gas money, insurance, and her car payment. Tr. 9. Appellee testified that while Sarah made her last insurance payment, she would be making the next one for Sarah. Id. Appellee testified that Sarah worked as life guard during the summers, but the child support money was intended to help her with things over and above what she needed for college, such as car repairs. Tr. 22. She further testified that Sarah lived with her during the summer, breaks from school, and some weekends, totaling four to five months per year. During the time Sarah lives with appellee, Sarah does not contribute to rent, utilities, or groceries. Tr. 38-39. The court did not abuse its discretion in finding that the continued child support payments, as contracted to by the parties at the time the separation agreement was entered, should not be vacated or modified based on the evidence presented.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.
By Gwin, P.J., Farmer, J., and Boggins, J., concur.